J-S59043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN DALE PREACHER | : | |
| | : | |
| Appellant | : | No. 997 EDA 2017 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001286-2008

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED JANUARY 31, 2019**

John Dale Preacher appeals, *pro se*, from the order entered November 18, 2016, in the Philadelphia County Court of Common Pleas, dismissing as untimely filed his petition for *habeas corpus ad subjiciendum*, which the court construed to be his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Preacher seeks relief from the judgment of sentence of an aggregate term of 25 to 50 years' imprisonment, imposed on October 27, 2008, following his convictions of attempted homicide, aggravated assault, persons not to possess firearms, possession of a firearm without a license, and recklessly endangering another person ("REAP").[2]  On

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901/2501, 2702, 6105, 6106, and 2705, respectively.

appeal, he asserts the PCRA court erred in dismissing the petition as untimely filed because: (1) the court failed to address whether Preacher was entitled to review under Article I, Section 14 of the Pennsylvania Constitution where post-conviction relief is deemed unavailable and he is entitled to have his illegal sentence addressed *via* state *habeas corpus* under 42 Pa.C.S. §§ 6501-6503 since he is challenging the validity of his sentence; (2) Preacher is innocent of the mandatory minimum sentence and is being held in violation of due process of law; and (3) Preacher is being subjected to cruel and unusual punishment in violation of both federal and state constitutions because he is being denied equal protection by serving a punishment for a crime of which he is innocent. Based on the following, we affirm.

The facts underlying this appeal are well known to the parties and we need not recite them herein. In summary, Preacher's convictions stemmed from an incident wherein he shot another man, Frederick Bowman, through the hand and chest, on October 8, 2007. On August 20, 2008, a jury convicted Preacher of attempted homicide, aggravated assault, firearms without a license, and REAP.[3] The court found Preacher guilty of person not to possess a firearm. On October 27, 2008, the trial court sentenced Preacher to a term of 20 to 40 years' incarceration for the attempted murder count, plus a term of five to 10 consecutive years for the charge of persons not to possess

_____

[3] The jury specifically found Preacher caused serious bodily injury.

firearms.[4] A panel of this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. ***See Commonwealth v. Preacher***, 984 A.2d 1021 (Pa. Super. 2009) (unpublished memorandum), *appeal denied,* 987 A.2d 160 (Pa. 2009).

Since then, Preacher has filed two petitions under the PCRA.[5] Neither of these petitions provided Preacher any relief. He then filed the present *pro se* PCRA petition, his third, on February 26, 2016. After determining the petition was untimely, the PCRA court notified Preacher of its intent to dismiss the petition without a hearing on October 14, 2016. ***See*** Pa.R.Crim.P. 907. Preacher filed a *pro se* response to the Rule 907 notice on October 31, 2016. On November 18, 2016, after considering Preacher's response, the PCRA court dismissed his petition. This *pro se* appeal followed.[6]

---

[4] The court imposed concurrent sentences for the remaining convictions, and a mandatory minimum with respect to the firearms conviction.

[5] ***See*** PCRA Court Opinion, 6/13/2018, at 2-3. It merits mention that on April 16, 2012, Preacher filed a prior petition for *writ* of *habeas corpus*, claiming: (1) he was innocent; (2) there were ***Brady v. Maryland***, 373 U.S. 83 (1963), violations; (3) the trial court failed to be impartial and unbiased; (4) the Commonwealth committed prosecutorial misconduct by knowingly using perjured testimony; and (5) ineffective assistance of counsel. Petition for State *Habeas Corpus*, 4/16/2012, at unnumbered 2. A panel of this Court treated Preacher's *habeas corpus* petition as a PCRA petition and denied relief. ***See Commonwealth v. Preacher***, 97 A.3d 806 [2012 EDA 2013] (Pa. Super. 2014) (unpublished memorandum).

[6] On January 3, 2017, the PCRA court ordered Preacher to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Preacher filed a concise statement on January 23, 2017. The matter remained

In Preacher's first argument, he claims he should have been afforded review under 42 Pa.C.S. § 9543(a)(2) because his claims are cognizable under the PCRA, "but since it has been determined they are not, review should have been granted under" *habeas corpus* relief. Preacher's Brief at 7. Moreover he states:

> [He] has been denied review, simply by the happenstance that Pennsylvania's Supreme Court ruled that unconstitutional sentences based upon the same burdens and procedures that were expressively "outlawed" by the United States and Pennsylvania's Supreme Courts to be stricken in their entirety as facially unconstitutional does not apply retroactively to convictions that were final when the United States Supreme Court handed down *Alleyne v. United States*, 133 S.Ct. 2151 (2013),[7] carry a significant risk that [he] is to stand convicted and suffer cruel punishment that by law cannot be imposed upon him, which in the circumstances of the instant case amounts to an intolerable miscarriage of justice because [he] is actually innocent of the

dormant until the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 14, 2018.

[7] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, *supra*, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 496 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. *Hopkins*, *supra*, 117 A.3d at 262; *Newman*, *supra*, 99 A.3d at 101.

- 4 -

sentence imposed under the unconstitutional statute 42 Pa.C.S. § 9712 because his conduct, as a matter of law, cannot violate this ineffective statute, therefore, the entire sentence is violated of the due process clauses of [the United States and Pennsylvania Constitutions].

Preacher's Brief at 7.[8, 9]

The PCRA provides "the **sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies of the same purpose that exist when [the Act] takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542 (emphasis supplied).[10] The Pennsylvania Supreme Court has made clear that "the PCRA subsumes the remedy of

---

[8] We note: "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray,** 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Preacher's counsel and litigate his claims for him.

[9] Interestingly, as part of his argument, Preacher repeatedly states he would have never pleaded guilty to possessing a firearm had he known he would have received the mandatory minimum. **See i.e.**, Preacher's Brief at 8, 11, 12. However, Preacher did not enter a guilty plea, rather, a jury convicted him of the gun possession offense.

[10] **See also**, 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.").

*habeas corpus* with respect to remedies offered under the PCRA[.]" **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998).[11]

Although the writ of *habeas corpus* continues to exist, it provides "an independent basis for relief only in cases in which there is no remedy under the PCRA." **Fahy**, 737 A.2d at 224. Moreover, the writ of *habeas corpus* is not available as an alternative basis for relief when, under the framework of the PCRA, a petition would be considered previously litigated, waived or untimely. **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001), *citing* **Fahy**, 727 A.2d at 223–224.

Despite Preacher's protestations, we note the PCRA court properly construed his *habeas* petition to be a PCRA petition. As noted above, the PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. Therefore, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original). **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.")

---

[11] **See also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

(footnote omitted). Accordingly, because "[i]ssues concerning the legality of sentence are cognizable under the PCRA[,]"[12] the court properly reviewed Preacher's petition under the rubric of the PCRA.

Accordingly, we must now turn to the untimeliness of Preacher's petition. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct. Rule 13. Instantly, Preacher's judgment of sentence became final on March 30, 2010, at the expiration of the time in which he had to file a petition for *writ* of *certiorari* with the United

---

[12] *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004).

States Supreme Court. Therefore, he had until March 30, 2011 to file a timely PCRA petition, making the present petition patently untimely.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, rather than prove the applicability of one of the Section 9545(b) exceptions, Preacher complains he was denied review, "simply by [] happenstance" because the Pennsylvania Supreme Court ruled that *Alleyne* does not apply retroactively on collateral review and therefore, his conviction and sentence is a "miscarriage of justice" and review should be granted under *habeas corpus*. Preacher's Brief at 7. However, this argument has no support under the PCRA. The mandate of the statute is clear:

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the

petition was not timely filed. ***Commonwealth v. Abu–Jamal***, 574 Pa. 724, 833 A.2d 719, 723–24 (2003); ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. ***Murray***, at 203.

***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012). This includes a PCRA claim challenging the legality of a sentence pursuant to ***Alleyne***. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding "***Alleyne*** does not apply retroactively to cases pending on collateral review").[13] Accordingly, Preacher's first argument fails.

Because we conclude that the court did not err (1) in determining that Preacher's petition for writ of *habeas corpus ad subjiciendum* was actually a request for PCRA relief, and (2) in finding that the petition was untimely filed, we affirm the order of the PCRA court. Furthermore, we need not address his remaining claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/19

---

[13] ***See*** PCRA Court Opinion, 6/13/2018, at 3 n.3, 7.